UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-P900-H

CHARLES KENNETH HARRELL
aka CHARLES KENNETH CLARK, JR.                                    PLAINTIFF

V.

COUNTY OF HARDIN COUNTY
and
GARY ALLEN, JAILER
and
WALTER HINOTE, CAPTAIN
and
JODY PERRY, MAIL DEPUTY                                           DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendants, County of Hardin, Danny Allen, Jailer, Walter Hinote, Captain and Jody Perry, Mail Deputy, have moved for summary judgment on the claims against them. Plaintiff has not responded to the motion. The Court agrees that the remaining claim cannot be maintained.

I.

Plaintiff, Charles Kenneth Harrell, filed a *pro se* complaint on or about September 16, 2013. This Court issued a Memorandum Opinion and Order on March 4, 2014, dismissing all of Plaintiff's claims except one, that being that the Defendants violated Plaintiff's First Amendment rights by opening his legal mail outside of his presence.

Plaintiff has alleged that Perry opened his legal mail at the direction of Hinote and Allen. Plaintiff identifies those particular pieces of mail as August 1, 2013, August 29, 2013, August 30, 2013, and September 11, 2013. According to the records of the Hardin County Detention Center (the "Detention Center"), he received mail on August 2, 2013; August 30, 2013 from the

U.S. District Court; and September 11, 2013 from the U.S. District Court.

Perry has submitted an affidavit stating that part of his duties as Deputy Jailer is the handling of inmate mail and that he is familiar with the mail that was delivered to Plaintiff. Specifically, he received the following mail in August and September 2013: August 2, 2013 from the U.S. District Court (the "Court"); August 30, 2013, from the Court; September 3, 2013 from the Dept. of Public Advocacy; September 6, 2013 from the Dept. of Public Advocacy; September 11, 2013 from the Court ; September 24, 2013 from the Court; and September 30, 2013 from the Court. Perry stated that he was not directed to open and/or read any of Plaintiff's mail by anyone, including Hinote or Allen. Additionally, he did not open and/or read any of Plaintiff's mail.

Similarly, Hinote has submitted an affidavit stating that he was not involved in the receipt of Plaintiff's mail, nor was he involved in the receipt and/or delivery of his mail. He also was not directed to open and/or read any of Plaintiff's mail. Likewise, he did not open and/or read any of Plaintiff's mail. Moreover, he testified that he did not direct any person, including Perry, or any other Deputy Jailer, to open Plaintiff's mail.

Finally, Allen has submitted an affidavit stating that while he oversees the day-to-day operations of the detention center, he is not directly involved in many of those operations. Specifically, he was not involved in the receipt of Plaintiff's mail, nor was he involved in the receipt and/or delivery of his mail. He did not direct any person, including Perry, Hinote, or any other deputy jailer, to open Plaintiff's mail other than in those situations permitted by the Detention Center's Policy and Procedures.

All three stated that Plaintiff, during his incarceration at the Detention Center, never filed

a grievance asserting that his mail was being opened and/or read. Plaintiff did file a number of Grievances [August 29, 2013; September 3, 2013; September 16, 2013; September 17, 2013] and/or Inmate Request Forms [August 22, 2013; August 27, 2013; September 17, 2013; September 19, 2013; September 20, 2013; September 25, 2013] that he was not receiving his mail; however, all mail that was received by the Detention Center was delivered to him.

II.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The Sixth Circuit has stated, "[a] dispute is 'genuine' only if based on evidence upon which a reasonably jury could return a verdict in favor of the non-moving party." *Niemi v. NHK Spring Co., Ltd.*, 543 F.3d 294, 298 (6th Cir. 2008). Summary judgment is appropriate even when there are factual disputes so long as the disputes do not affect the outcome. *See Longaberger Co. v. Kolt*, 586 F.3d 459 (6th Cir. 2009). The Sixth Circuit has also stated, "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable

jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Marvin v. City of Taylor*, 509 F.3d 234, 239 (6th Cir. 2007) *quoting Scott v. Harris*, 550 U.S. 372, 380 (2007).

The nonmoving party is not entitled to a trial merely on the basis of allegations, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Id.* at 323. Moreover, to support its motion, the moving party may show "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

III.

Defendants may well be entitled to dismissal of Plaintiff's complaint pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e (the "PLRA"). It was enacted by Congress to preclude prisoners from bringing actions with respect to prison conditions in any jail, prison, or other correctional facility until available administrative remedies were exhausted so as to reduce the quantity and improve the quality of prisoner suits. The act applies to any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

The Supreme Court has said that: (1) failure to exhaust is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaints; (2) exhaustion is not *per se* inadequate simply because an individual later sued was not named in the

4

grievances; and (3) where a complaint contains both exhausted and unexhausted claims, the district court should proceed with the exhausted claims while dismissing the unexhausted claims. *Jones v. Bock*, 549 U.S. 199 (2007). Moreover, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 741 (2001). "[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S.516 (2002).

The Detention Center has enacted Policies and Procedures. As part of those Policies and Procedures, Section XII-600 governs grievances and /or complaints within the Detention Center. Section XII – 600 establishes the procedure by which an inmate may file a grievance.

Here, Plaintiff never filed a grievance regarding Defendants reading his legal mail or ordering that his legal mail be read. The only grievances and/or Inmate Request Form that Plaintiff has filed related to legal mail that he did not receive. This may seem to be the same sort of complaint, but actually it is quite different. It is well established that Plaintiff received his mail. Saying that someone has read it is an entirely different matter and more difficult to prove also.

Consequently, Defendants are entitled to summary judgment for Plaintiff's failure to comply with the PLRA.

IV.

Nevertheless, the Court did permit Plaintiff to further develop his claims that Defendants "read his legal mail or ordered that his legal mail be read." Where a plaintiff seeks to hold a local

5

government liable for the deprivation of his constitutional or federal statutory rights, he must prove that the moving force behind the deprivation was a governmental policy or custom. *Monell v. Dep't. of Social Services,* 436 U.S. 658 (1978); *City of Canton v. Harris*, 489 U.S. 378 (1989); *Lambert v. Hartman*, 517 F.3d 433 (6th Cir. 2008).

"A prisoner's right to receive mail is protected by the First Amendment, but prison officials may impose restrictions that are reasonably related to security or other legitimate penological objectives." *See Knop v. Johnson,* 977 F.2d 996, 1012 (6th Cir.1992). As we have noted, "prison officials may open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security." *Lavado v. Keohane,* 992 F.2d 601, 607 (6th Cir.1993)." *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). To accommodate both the prison's needs and the prisoner's rights, courts have approved prison policies that allow prison officials to open "legal mail" and inspect it for contraband in the presence of the prisoner. This is exactly what Hardin County seems to have done.

In fact, the Detention Center has adopted "Policy and Procedures" that include a "Policy" on Mail and Communications (Policy and Procedures, XII-400). Those policies and procedures are fully set forth in the record. They allow the Center to inspect mail to avoid receipt of contraband and for other very specific purposes.

The Court finds that the Center's policies and procedures are facially consistent with constitutional requirements. Plaintiff has not put forth any evidence that there is any other policy to open and/or read his legal mail in violation of the First Amendment. As a result, it is entitled to summary judgment as a matter of law.

V.

As set forth in *Dominguez v. Correctional Medical Services*, 555 F.3d 543 (6th Cir. 2009), in order "[t]o state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Id.* at 549 *quoting Sigley v. City of Parma Heights,* 437 F.3d 527, 533 (6th Cir. 2006) *citing West v. Atkins*, 487 U.S. 42, 48 (1988).

The Supreme Court has stated the purpose of granting qualified immunity is so that, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

In *Weaver v. Shadoan*, 340 F.3d 398 (6th Cir. 2003), the Sixth Circuit has explained it as follows:

> Qualified immunity is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell,* 472 U.S. at 526, 105 S.Ct. 2806 (emphasis in original). The Supreme Court has emphasized that questions of qualified immunity should be resolved "at the earliest possible stage in the litigation." *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct.2151, 150 L.Ed.2d 272 (2001)(quoting *Hunter v. Bryant,* 502 U.S. 224, 227, 112S.Ct.534, 116 L.Ed.2d 589 (1991) (per curiam)).

*Id*. at 406.

"Determining whether the government officials in this case are entitled to qualified immunity generally requires two inquiries: 'First, viewing the facts in the light most favorable to the plaintiff, has the plaintiff shown that a constitutional violation has occurred? Second, was the

7

right clearly established at the time of the violation?'" *Dominguez v. Correctional Medical Services*, 555 F.3d 543 (6th Cir. 2009) *quoting Phillips v. Roane County, Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008); see also Scott v. Harris, 550 U.S. 372 (U.S. 2007).

Allen and Hinote were not even involved with Plaintiff's mail in any way other than being the Jailer and a Deputy Jailer, respectively, at the Detention Center. They have testified by affidavit that they were not involved with his mail in any manner and did not direct anyone to open it or read it. Pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), a defendant cannot be liable for an alleged constitutional violation unless he was personally involved in the conduct which allegedly resulted in the constitutional violation. *See Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976); *Williams v. Mehra*, 135 F.3d 1105, 1114 (6th Cir. 1998).

Plaintiff alleges that Perry opened and/or read his legal mail at the direction of Allen and Hinote. However, Perry has submitted a sworn declaration stating that he was not directed to open and/or read Plaintiff's mail and that he, in fact, did not open and/or read Plaintiff's mail. Plaintiff must come forward with *evidence* that disputes the sworn declaration of Perry that he was not directed to open Plaintiff's mail and that he did not open his mail. *See Kirkwood v. Ives*, CIV.A. 11-210-HRW, 2012 WL 3063982 (E.D. Ky. July 26, 2012).

"[I]n *Lavado* the Sixth Circuit declined to hold that any violation of the [detention center]'s mail regulations would constitute a *per se* constitutional violation. *Lavado,* 992 F.2d at 610. Rather, a plaintiff must demonstrate that mail room employees blatantly and arbitrarily ignored mail-room regulations." *Kirkwood v. Ives*, CIV.A. 11-210-HRW, 2012 WL 3063982 (E.D. Ky. July 26, 2012) *citing* Levado v. Keohane, 992 F.2d 601, 611 (6th Cir. 1993). Aside

8

from his allegations within the complaint, Plaintiff has not made any effort at this showing.

Here, as in *Kirkwood*, Plaintiff does not allege in his complaint that his access to the courts was in any way impaired or affected when his legal mail was allegedly opened. Specifically, the record is absolutely void of any *allegation*, much less evidence, that Plaintiff suffered any prejudice as a result of the alleged opening of his legal mail.

The totality of Plaintiff's allegation are simply that, an allegation, that Defendants directed that his legal mail be opened and that it was, in fact, opened. However, there is no evidence to support the allegations. Rather there is testimony by affidavit that the allegations are untrue. Plaintiff has not shown that a constitutional violation has occurred. Plaintiff has likewise failed to establish a requisite injury, even if the allegation was true. As a result, Defendants are entitled to summary judgment as a matter of law.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion for summary judgment is SUSTAINED and Plaintiff's claims are DISMISSED WITH PREJUDICE.

This is a final order.

cc:     Plaintiff, *Pro Se*
        Counsel of Record